UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOSEPH SCHWAB, | ) | |
| | ) | |
| Plaintiff, | ) | 17 C 1310 |
| | ) | |
| vs. | ) | Judge Gary Feinerman |
| | ) | |
| NANCY BERRYHILL, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

For the reasons stated below, Plaintiff's motion for reconsideration [14] is denied. The 5/8/2017 motion hearing [15] is stricken.

## STATEMENT

Plaintiff Joseph Schwab, who is represented by counsel, filed this suit without paying the $400 filing fee or applying for leave to proceed *in forma pauperis*. On March 2, 2017, the court entered an order giving Schwab fourteen days, until March 16, 2017, either to file an *in forma pauperis* application or to pay the filing fee; the order warned that "[f]ailure to comply will result in the summary dismissal of this case." Doc. 4. When Schwab did neither, the court on March 17, 2017 dismissed the suit and entered judgment. Docs. 6-7. Thirty days later, on April 17, 2017, Schwab moved under Civil Rule 60(b) to vacate the judgment. Doc. 8. The court denied the motion, explaining in pertinent part: "Plaintiff has failed to show mistake or excusable neglect under Civil Rule 60(b) because he does not even attempt to explain why he could not have sought an extension of time prior to 3/17/2017 for either paying the filing fee or filing an *in forma pauperis* application. Nor does Plaintiff explain why it took him an entire month to seek relief from the entry of judgment. See Williams v. Shinseki, 373 F. App'x 611, 614-15 (7th Cir. 2010)." Doc. 10.

Schwab now moves the court to reconsider its denial of Rule 60(b) relief. Doc. 14. Rule 60(b) provides: "On a motion and just terms, the court may relieve a party … from a final judgment, order, or proceeding" upon a showing of "mistake, inadvertence, surprise, or excusable neglect." "As the Rule 60(b)(1) standard has developed, a specialized three-part standard has evolved which squarely places the burden on the moving party to show: (1) 'good cause' for the default; (2) quick action to correct the default; and (3) the existence of a meritorious defense to the original complaint." *Jones v. Phipps*, 39 F.3d 158, 162 (7th Cir. 1994). The court will assume the third requirement is satisfied.

The first requirement is not satisfied. As good cause for the default, Schwab's counsel explains that he failed to docket the original March 16, 2017 deadline. An attorney's mis-calendaring a *really* important deadline—here, the court expressly warned that failure to satisfy

1

the March 16, 2017 deadline would "result in the summary dismissal of this case," Doc. 4—is not good cause under Rule 60(b)(1). *See Pretzel & Stouffer, Chtd. v. Imperial Adjusters, Inc.*, 28 F.3d 42, 45 (7th Cir. 1994) (holding that mis-calendaring a date "is the attorney's mistake and he and his client are responsible for the consequences"); *Lapsley v. Fries*, 2012 WL 2721909, at *3 (N.D. Ind. July 9, 2012) (citing cases).

Even if the first requirement were satisfied, the second requirement is not, as Schwab did not take quick action to correct the default. In explaining why he waited thirty days before moving to vacate the default, Schwab's counsel says that he "believ[ed] that 30 days was a reasonable time in which to get back into contact with [Schwab]," who had not completed the *in forma pauperis* application that counsel had sent to him. Doc. 14 at 2. Counsel's belief was incorrect. In *Jones*, the Seventh Circuit held that a plaintiff who waited "[n]early five weeks" before moving to vacate a default judgment did not act quickly enough to satisfy Rule 60(b)(1), emphasizing that "more than a month elapsed while the defendant was fully aware of the judgment against her and while she was quite capable of securing counsel to rectify the problem." 39 F.3d at 165. The plaintiff in *Jones* was *pro se*, incarcerated, and had spent some of those five weeks in solitary confinement; Schwab, by contrast, was represented by counsel who received electronic notice of the default order. Counsel could have acted much quicker, explaining to the court the delay in applying to proceed *in forma pauperis*, but he did not. He has no excuse for having *intentionally* waited a full month to move to vacate the default, which warranted the denial of Rule 60(b)(1) relief. *See Sullivan v. Gen. Plumbing, Inc.*, 2007 WL 1030236, at *4 (N.D. Ill. Mar. 31, 2007) (holding that a three-week delay by a counseled party was not quick action).

In any event, Schwab *still* has not offered to pay the $400 filing fee and *still* has not filed an *in forma pauperis* application—even as an attachment to his reconsideration motion. Doc. 14 at 2 (acknowledging that Schwab had not returned an *in forma pauperis* application to his counsel as of April 28, 2017). So even if Schwab satisfied Rule 60(b)(1), which he has not, he still could not move forward with this suit.

May 5, 2017

United States District Judge